UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHELBY TRAHAN                               *CIVIL NO. 6:14-722

VERSUS                                      *MAGISTRATE JUDGE HANNA

WAYNE MELANCON, ET AL.                      *BY CONSENT OF THE PARTIES

### REASONS FOR JUDGMENT

Pending before the Court is the Motion to Dismiss filed by Acadian Ambulance Service ("Acadian") on August 9, 2016 pursuant to Rules 4(c)(3) and 4(m), FRCP for improper and untimely service of process and alternatively under and Local Rule 41.3 for failure to prosecute.  [rec. doc. 57].  Plaintiff Shelby Trahan, individually and on behalf of her deceased father Adam James Trahan, ("Trahan"), has filed Opposition. [rec. doc. 61].  The Motion was set on the Court's September 27, 2016 motion calendar with oral argument, in accord with the Court's routine procedures for handling motions.

For the following reasons, the Motion to Dismiss [rec. doc. 57] is **GRANTED.** Accordingly, Trahan's claims against Acadian Ambulance Service will be **DISMISSED WITHOUT PREJUDICE**.

### PROCEDURAL BACKGROUND

In her First Amended Complaint filed on October 29, 2014, Trahan named Acadian as a defendant in this action alleging negligence by Acadian personnel for

failing to provide medical care to Adam James Trahan at the scene of the shooting and instead, after evaluating Mr. Trahan "for less than 10 seconds", rendering medical care to an officer who suffered a leg injury, thereby resulting in deterioration of Mr. Trahan's condition and his eventual death. [rec. doc. 20]. Summons was issued by the Clerk on October 30, 2014. [rec. doc. 21].

On November 11, 2014, plaintiff's counsel filed an Affidavit of Service consisting of a "Proof of Service" form wherein counsel affirmed that he had "personally served" Acadian on October 31, 2014 by certified mail to a post office box, along with a certified mail return receipt signed by David Landry on November 5, 2014. [rec. doc. 24]. That same date, November 11, 2014, the Clerk electronically made an Administrative Entry stating that the Affidavit of Service had been filed in error because the summons was returned unexecuted because service within the State of Louisiana cannot be effected through certified mail.

On July 16, 2015, the municipal defendants filed a Motion for Summary Judgment seeking dismissal of the lawsuit. [rec. doc. 38]. The Motion was deferred pursuant to Rule 56(d), FRCP, pending additional discovery. [rec. doc. 44]. Several status conferences with the Court were held to discuss the progress of discovery. [rec. docs. 46, 48, 59]. The last such conference occurred on August 9, 2016, at which time the Court denied the Motion for Summary Judgment without prejudice. [rec. doc. 60].

On March 14, 2016, the Clerk issued a Notice of Intent to Dismiss Acadian pursuant to Local Rule 41.3 for failure to prosecute because service was not made within 120 days of the institution of the action against Acadian. [rec. doc. 50]. The Notice advised plaintiff to file a motion for extension of time to effect service within fourteen days if plaintiff felt that there was good cause for the failure; the Notice further advised that if no such filing was made, Acadian would be dismissed from the action.

Nine days later, on March 23, 2016, plaintiff filed a "Proposed Summons." [rec. doc. 51]. That same date, March 23, 2016, the Clerk re-issued summons. [rec. doc. 52]. Acadian was personally served on March 23, 2016 and proof of service was filed that same date. [rec. doc. 53]. No answer or other responsive pleadings were filed by Acadian. Moreover, no entry of default was issued.

During the last conference regarding discovery necessary for disposition of the municipal defendants' Motion for Summary Judgment which occurred on August 9, 2016, the status of plaintiff's claim against Acadian was discussed. Because no answer or other responsive pleadings had been filed by Acadian and no entry of default had been issued, the Court advised plaintiff's counsel to take appropriate action to bring Acadian before the Court or dismiss Acadian from the lawsuit. [rec. doc. 59].

Later that same date, August 9, 2016, Acadian filed the instant Motion to Dismiss. [rec. doc. 57].

## LAW AND ANALYSIS

Acadian requests that this action be dismissed without prejudice for untimely service. More specifically, Acadian argues that because plaintiff failed to serve it within 120 days of the filing of the Amended Complaint, this case must be dismissed without prejudice pursuant to Rule 4(m), FRCP.

The record reflects that Trahan did not timely serve Acadian in this action. Under Rule 4(m), FRCP, the plaintiff had 120 days from the filing of the Amended Complaint to effect service on Acadian.[1]  The Amended Complaint was filed on October 29, 2014. Accordingly, service was due on or before March 1, 2015. It is undisputed that Acadian was not properly served with the Amended Complaint on or before March 1, 2015. To the contrary, Acadian was not personally served until over one year later on March 23, 2016. Therefore, service was untimely under Rule 4(m).

Nevertheless, Rule 4(m) is not inflexible. If good cause is present, the district court must extend the time for service; if good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

---

[1] At the time the Amended Complaint was filed, Rule 4(m) provided: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The Rule has been amended effective December 1, 2015 to provide a 90 day period for effecting service.

4

In her opposition, plaintiff fails to argue that there was "good cause" to excuse the delay or to extend the time for service. To the contrary, plaintiff inappropriately suggests that Rule 4(m) and Local Rule 41.3 required the Court to act, thereby necessitating a response by the plaintiff.  She further argues that her response to the Court's prompt was appropriate in that she ultimately served Acadian one year and five months after institution of the lawsuit, without first requesting an extension of time from the Court to do so.  This argument ignores the plaintiff's failure to comply with the Rules of this Court in the first instance, and that had she done so, the Court would not have had to take any action whatsoever.   Plaintiff further argues that Acadian is somehow at fault for its failure to file an answer or other responsive pleadings after service was effected on March 23, 2016.  This argument ignores the fact that plaintiff herself failed to request entry of default by the Clerk, which could have mooted the necessity of the filing of the instant Motion.  Accordingly, the Court concludes that Trahan has not shown "good cause" to excuse the delay or to extend the time for service.

While Rule 4(m) also allows the Court to extend the time for service even when a plaintiff fails to show good cause for the delay, under the circumstances of this case, the Court declines to do so. *See Thompson*, 91 F.3d at 21.  *See also Henderson v. U.S.*, 116 S.Ct 1638, 1643 (1996).  By the Clerk's Administrative Entry, it is clear that as early as November 11, 2014, less than two weeks after the filing of the Amended Complaint,

Trahan was on notice that service had not been properly effected on Acadian.  Yet, Trahan took no steps to correct the error, or to otherwise perfect timely service within the remaining three and one-half months of the 120 day period set forth under Rule 4(m).

It was not until over one year and four months later, on March 23, 2016, and over one year after the 120 day limitation for service had expired, that the plaintiff personally served Acadian.  However, this service was arguably procedurally improper given that plaintiff had not been granted an extension of time by the Court to perfect service on showing of "good cause" for the delay.

For these reasons, Acadian's Motion to Dismiss is granted and Trahan's claims against Acadian will be dismissed without prejudice.[2]   A separate Judgment shall issue.

Signed August 31, 2016, at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court has recommended dismissal of this case under Rule 4(m), it is not necessary to reach Acadian's argument under Local Rule 41.3.