UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHELBY TRAHAN, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER, ADAM JAMES TRAHAN | CIVIL ACTION NO. 6:14-cv-00722 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| WAYNE MELANCON, ET AL. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending is the defendants' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54. (Rec. Doc. 76). For the reasons fully explained below, the motion is denied as premature, without prejudice to the defendants' right to reassert the motion after appeal.

### Background

On April 6, 2013, Adam James Trahan died in an altercation with Acadia Parish sheriff's deputies Tyler Broussard and Conan Smith. In this lawsuit, Mr. Trahan's surviving son sued former Acadia Parish Sheriff Wayne Melancon and the two deputies. This Court found that Deputy Broussard and Deputy Smith were entitled to qualified immunity, granted summary judgment in their favor, and dismissed with prejudice the plaintiff's claims asserted against them under 42 U.S.C. § 1983. This Court also granted summary judgment in Sheriff Melancon's favor, finding that the plaintiff failed to prove that he violated the decedent's Constitutional

rights. This Court then declined to exercise supplemental jurisdiction over the plaintiff's state-law claims and dismissed them with prejudice. The plaintiff appealed the ruling, and the appeal remains pending. Also pending is the defendants' motion seeking the recovery of fees and costs as the prevailing party in the suit.

## **Law and Analysis**

The general rule in our legal system is that each party must pay its own attorneys' fees and expenses.[1] Under, 42 U.S.C. § 1988, however, a court may, in its discretion, allow the prevailing party in a Section 1983 case to recover reasonable attorney fees. Although the statutory language is discretionary, the applicable standard differs if a defendant, rather than a plaintiff, prevails. A prevailing plaintiff ordinarily is awarded attorneys' fees in all but special circumstances,[2] while a district court may award attorneys' fees to a prevailing civil rights defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation.[3]

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (discussing the "American Rule.").

[2] *Anderson v. Harrison County, Miss.*, 639 Fed. App'x 1010, 1016 (5th Cir. 2016) (citing *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001)).

[3] *Anderson v. Harrison County, Miss.*, 639 Fed. App'x at 1016; *Dean v. Riser*, 240 F.3d at 508.

Although the plaintiff filed a notice of appeal in this case, this Court retains jurisdiction over their motion for fees.[4] However, this Court is not required to resolve such matters before the appeal is resolved. The 1993 Advisory Committee Note to Federal Rule of Civil Procedure 54(d)(2) states: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Courts in this circuit have declined to rule on a pending motion for fees until after the appeal has been completed.[5]

Accordingly, this Court finds that delaying the resolution of the defendants' request for fees and expenses until after the appeal on the merits has been decided is the prudent course of action. Immediate resolution of the collateral issues of attorney fees and expenses is unlikely to assist the Court of Appeals in the task currently before it; furthermore, a piecemeal resolution of issues would likely follow from

---

[4] *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002) ("The district court, however, retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment on the merits is pending on appeal.").

[5] See, e.g., *Dulin v. Board of Com'rs of Greenwood Leflore Hosp.*, No. 4:07-CV-194-A-V, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013); *Art Midwest, Inc. v. Clapper*, No. 3:99CV2355-R, 2004 WL 877613 (N.D.Tex. Apr. 20, 2004) (adopting recommendation of United States magistrate judge to deny Rule 54 motions without prejudice to renewal after disposition of appeal on the merits).

ruling on the defendants' request for fees prior to a decision on the appeal of this merits of this case. Accordingly, this Court declines to rule on the pending motion at this time.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the defendants' motion (Rec. Doc. 76) is DENIED AS PREMATURE, without prejudice to the defendants' right to renew the motion following the resolution of the appeal currently pending before the Fifth Circuit Court of Appeals, and

IT IS ORDERED that the oral argument previously scheduled for April 20, 2017 is CANCELLED.

Signed at Lafayette, Louisiana, this 31st day of March, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE