UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHELBY TRAHAN, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER, ADAM JAMES TRAHAN | CIVIL ACTION NO. 6:14-cv-00722 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| WAYNE MELANCON, ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the defendants' reurged motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54. (Rec. Doc. 92). The motion is opposed. The motion for costs was ordered separated from the motion for attorneys' fees (Rec. Doc. 94), and a separate determination of costs will be issued by the Clerk of Court in due course. For the reasons explained below, the motion for attorneys' fees is GRANTED IN PART and DENIED IN PART.

## Background

On April 6, 2013, Acadia Parish Sheriff's Deputies Tyler Broussard and Conan Smith responded to a call regarding a domestic altercation between Adam James Trahan and Tammy Bankston, which resulted in Mr. Trahan being shot and killed by Deputy Broussard. Mr. Trahan's son Shelby Trahan filed suit against Deputy Broussard, Deputy Smith, and Acadia Parish Sheriff Wayne Melancon, alleging under 42 U.S.C. § 1983 that the deputies entered Mr. Trahan's home

without a warrant and used excessive force in violation of Mr. Trahan's Fourth Amendment rights. The plaintiff further alleged that Sheriff Melancon negligently hired, trained, supervised, and disciplined the deputies regarding constitutional rights and the use of force. The plaintiff also asserted state-law claims of assault, battery, wrongful death, and spoliation of evidence. In his first amended complaint, the plaintiff asserted a claim against Acadian Ambulance Service, which was dismissed because that defendant was not properly served. (Rec. Docs. 62, 63).

The defendants' motion for summary judgment was granted. (Rec. Doc. 74). In ruling on that motion, this Court found that there was no factual basis for the claims against Sheriff Melancon. This Court further found that there was no basis for the punitive damages claim against the deputies in their individual capacities because there was no evidence that their actions were motivated by an evil motive or intent. This Court also found that the deputies were entitled to qualified immunity with regard to their warrantless entry into Mr. Trahan's residence and with regard to the amount of force used in subduing Mr. Trahan. This Court found that there was insufficient evidence to support the plaintiff's spoliation claim. After the federal-law claims were resolved, this Court declined to exercise supplemental jurisdiction over the plaintiff's state-law claims, and those claims were dismissed without prejudice.

After the motion for summary judgment was decided, the defendants filed a motion seeking to recover attorneys' fees and costs (Rec. Doc. 76), which was denied as premature pending appeal (Rec. Doc. 87). The plaintiff appealed the ruling on the motion for summary judgment, and the Fifth Circuit Court of Appeals affirmed this Court's ruling in all respects. (Rec. Doc. 76). The defendants now seek to recover attorneys' fees for their successful defense of the plaintiff's claims.

**Law and Analysis**

The general rule in the United States is that litigants must pay their own attorneys' fees.[1] An exception to that rule is found in 42 U.S.C. § 1988, which states that a district court may, in its discretion, award attorneys' fees to a prevailing party (other than the United States) in a Section 1983 suit. A prevailing defendant may recover attorneys' fees under Section 1988 only when the plaintiff's underlying claim was frivolous, unreasonable, or groundless.[2] The purpose of this law is to ensure that persons with civil rights grievances obtain effective access to the judicial process while protecting defendants from burdensome litigation having no legal or factual basis.[3]

---

[1]  See *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975).

[2]  *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001); *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir.1999); *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir.1991).

[3]  *Dean v. Riser*, 240 F.3d at 507-08.

A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation."[4] When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial[5] rather than whether the claim was ultimately successful.[6] However, these factors are "guideposts," and frivolousness must be judged on a case-by-case basis.[7] Further, a claim is not frivolous solely because a plaintiff did not ultimately prevail or because it was dismissed before reaching the jury.[8]

Thus, awards of attorneys' fees for defendants are generally appropriate where "the plaintiff's civil rights claim lacks a basis in fact or relies on an undisputedly meritless legal theory," or when the plaintiff knew or should have known about the legal or evidentiary deficiencies of his claim.[9] When a plaintiff has asserted both frivolous and non-frivolous claims, a court may grant reasonable attorneys' fees to

---

[4] *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir.1999) (quoting *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir.1983)).

[5] *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *United States v. Mississippi*, 921 F.2d at 609.

[6] *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981).

[7] *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed. App'x 421, 425 (5th Cir. 2011) (per curiam) (quoting *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3rd Cir. 1997)).

[8] *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed. App'x at 425.

[9] *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed. App'x at 425.

the defendant "only for the costs that the defendant would not have incurred but for the frivolous claims."[10]

A party may be considered a prevailing party if he "succeeds on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit."[11] In the case now before the Court, the defendants clearly prevailed, pursuant to the court's ruling on the defendants' motion for summary judgment and the Fifth Circuit's affirmation of that ruling.

Applying the relevant factors, this Court finds that the plaintiff's claim against Acadian Ambulance was frivolous because the plaintiff failed to assure that the claim was properly served. This Court further finds that the plaintiff's claim against Sheriff Melancon was frivolous because it was lacking in factual underpinnings. Similarly, this Court finds that the plaintiff's spoliation claim was frivolous because it lacked a valid factual foundation. The plaintiff's Fourth Amendment claims against the deputies, however, were not frivolous.

First, the plaintiff established a *prima facie* case with regard to the Fourth Amendment claims against the deputies. A plaintiff can establish a *prima facie* case under 42 U.S.C. § 1983 by alleging 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under

---

[10] *Fox v. Vice*, 563 U.S. 826, 834 (2011).

[11] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

the color of state law.[12] Here, the plaintiff alleged that the deputies violated Mr. Trahan's Fourth Amendment rights and further alleged that they were, at all relevant times, acting under color of law. Accordingly, the plaintiff established a *prima facie* case. Ultimately, however, it was determined that the deputies were entitled to qualified immunity with regard to both the warrantless search claim and the excessive force claim.

Second, the defendants did not offer to settle the claims. The defendants stated in their briefing that they did not, at any time during the litigation, extend a settlement offer. (Rec. Doc. 76-4 at 8). In his briefing, the plaintiff confirmed this fact. (Rec. Doc. 98 at 9).

Third, although the case was decided prior to a trial on the merits, that alone is insufficient to support a finding of frivolity.[13] In this case, a significant amount of fact gathering and motion practice preceded the resolution of the plaintiff's claims. Thus, the three relevant factors weigh in favor of a finding that the plaintiff's Fourth Amendment claims asserted against the deputies were not frivolous.

Based on these findings, the defendants are entitled to recover the attorneys' fees they incurred with regard to the frivolous claims, i.e., the claim against Acadian

---

[12] *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

[13] *Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) (citing *Hidden Oaks, Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998)).

Ambulance, the claim against Sheriff Melancon, and the spoliation claim – but they will not be permitted to recover the attorneys' fees they incurred defending the other claims, particularly the plaintiff's Fourth Amendment claims against the deputies.

The plaintiff opposed the motion on the basis that it might cause him financial hardship. The cases he cited in support of his argument had to do with costs rather than attorneys' fees and were not cases in which a court was called upon to determine whether the attorneys' fees contemplated by Section 1988 should be awarded. More important, the Fifth Circuit has expressly held that a party's financial condition is not a proper factor to consider in determining whether to award attorneys' fees permitted by Section 1988.[14] Therefore, the argument lacks merit and will not be relied upon in calculating the fees to be awarded.

A two-step method is used to determine a reasonable attorneys' fee award.[15] First, the lodestar is calculated, "which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work."[16] In calculating the lodestar, all time that is excessive, duplicative, or inadequately documented should be excluded.[17] Second, the lodestar figure may be

---

[14]   *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 238 (5th Cir. 1990).

[15]   *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016).

[16]   *Combs v. City of Huntington, Tex.*, 829 F.3d at 392.

[17]   *Combs v. City of Huntington, Tex.*, 829 F.3d at 392.

7

increased or decreased based on the *Johnson* factors.[18] The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases.[19] The court is required to set forth "a reasonably specific explanation for all aspects of a fee determination,"[20] and the party seeking the award is required to submit "documentation. . . sufficient for the court to verify that the applicant has met its burden of establishing an entitlement to a specific award."[21]

Here, the defendants seek to recover $79,072.00 for 564.8 hours of work performed through February 2017 at the rate of $140 per hour. This Court finds that the requested hourly rate is reasonable based on similar rates having been approved in other cases involving counsel in the same court district.[22] However, as noted above, this Court will compensate the defendants only for the time spent by their counsel on the claims found to be frivolous.

---

[18] *Combs v. City of Huntington, Tex.*, 829 F.3d at 391 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

[19] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

[20] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).

[21] *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010).

[22] See, e.g., *Deramus v. City of Alexandria*, No. 1:14-cv-03222, 2016 WL 3040138 (W.D. La. May 23, 2016); *Lawrence v. Morris*, No. 09-1990, 2011 WL 122038 (W.D. La. Jan. 11, 2011); *Tureaud v. Grambling State University*, No. 03-2253, 2009 WL 62864 (W.D. La. Jan. 7, 2009).

This Court found the claim against Acadian Ambulance was frivolous. In the billing records submitted, the defendants' counsel billed 3.3 hours with regard to that claim. Using the lodestar, 3.3 hours at $140 per hour equals $462.00. This Court finds that the defendants are entitled to recover this sum.

This Court also found that the plaintiff's claim against Sheriff Melancon and the spoliation claim were frivolous. However, the defendants' billing records do not expressly mention either of those claims. However, the defendants prepared a motion for summary judgment (Rec. Doc. 38), which was filed in July 2015 that addressed all claims. Ruling on the motion was deferred pending the resolution of evidentiary issues. (Rec. Doc. 44). Eventually, due to ongoing discovery and evidentiary disputes, the original motion for summary judgment was denied without prejudice to the defendants' right to reurge the motion at a later date. (Rec. Doc. 60). The defendants reurged the motion for summary judgment in October 2016. (Rec. Doc. 66). In support of the reurged motion, the defendants submitted a fifty-page brief in which they addressed all of the plaintiff's claims. But the billing records for the preparation of the motions for summary judgment do not detail the amount of time spent crafting arguments regarding each of the claims. Instead, the billing records merely document the defendants' counsel having spent 68.3 hours preparing the original motion for summary judgment up through oral argument, and

another 53.5 hours preparing the reurged motion through the oral argument on the motion, for a total of 121.8 hours worked and $17,052 billed.

A review of the memoranda supporting the motions for summary judgment reveals that the vast majority of the defendants' attention was directed toward the Fourth Amendment claims asserted against the two deputy sheriffs. Very little attention was directed toward the claims that this Court found to be frivolous. Less than six full pages of the fifty-page memorandum supporting the reurged motion addressed the claim against Sheriff Melancon. (Rec. Doc. 66-1 at 36-42). In that memorandum, the plaintiff's addressed the spoliation claim in connection with the evidence sought by the plaintiff in Fed. R. Civ. P. 56(d) requests, and less than five page of the memorandum were devoted to that issue. (Rec. Doc. 66-1 at 44-48).

This Court concludes that the defendants have not presented documentation sufficient to establish that any more than ten percent of the time billed by the defendants' attorneys for their work in preparing the motions for summary judgment, reviewing and responding to the plaintiff's arguments in opposition to the motions, preparing for oral argument on the motions, and actually participating in the oral argument can be correlated to the claims against Sheriff Melancon and the spoliation claim, which this Court found to be frivolous. Accordingly, this Court finds, in its discretion, that the defendants are entitled to recover ten percent of $17,052 or $1,705 in attorneys' fees related to these issues.

When that number is added to the $462 this Court found the defendants entitled to recover in connection with the plaintiff's claim against Acadian Ambulance, the total amount of recoverable attorneys' fees is $2,167. Having been based on a lodestar calculation, these figures are presumed to be reasonable, and neither party argued that a deviation from the lodestar calculation is necessary or appropriate. Accordingly, the award is fixed at $2,167.

### Conclusion

For the foregoing reasons,

IT IS ORDERED that the defendants' motion for attorneys' fees (Rec. Doc. 92) is GRANTED IN PART and DENIED IN PART. More particularly

IT IS ORDERED that the plaintiff shall pay the defendants the sum of $2,167 in compensation for the attorneys' fees incurred by the defendants in defending against claims asserted by the plaintiff that this Court has found to be groundless, lacking in foundation, and therefore frivolous.

Signed at Lafayette, Louisiana, this 30th day of July 2018

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE